---o---

## No. 5779.

## FULTON BAG & COTTON MILLS vs. ILLINOIS CENTRAL RAILROAD CO.

### Syllabus.

It devolves upon the party who relies thereon to establish that the agreement alleged was intended to create a legal obligation; that is, that the parties thereto seriously contemplated the assumption of legal rights and duties. R. C. C., 1813, 1815.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 98,975, Hon. Porter Parker, Judge.

Sol. Weiss, for plaintiff and appellant.

Lemle & Moreno, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Plaintiff sues defendant for damages for the breach of an alleged contract on the latter's part to remove without cost to plaintiff the material excavated during the course of erection of plaintiff's building. The defendant contends that the alleged agreement was never intended as a legal obligation; and that if it was, it evidenced merely a promise on its part to accommodate plaintiff in the removal of the excavated material in so far as it could conveniently do so. The record supports this defense.

Mr. Elsas, the president of plaintiff company, testifies on direct examination that Mr. Dunn, the superintendent of defendant corporation, stated that "he thought he could accommodate us" and, "as far as I remember, agreed to give us the necessary cars." On cross-examination he testifies that Dunn's statement was to the effect "that he would do all in his power to accommodate me in the matter of the removal of the earth."

Mr. Watt, another of plaintiff's witnesses present at the interview, testifies on direct examination that he "learned from the conversation" that "the agreement that was being made or that had been made" was that the defendant was to furnish cars for the removal of the excavated material. On cross-examination he states that while not recalling the exact language used, its tenor was to the effect that Dunn "would do all in his power to accommodate" the plaintiff in the premises.

And this testimony is in full accord with that of Mr. Dunn himself, who testifies that the whole purport, spirit and substance of these conversations was that he would accommodate or assist the plaintiff in the matter as far

as he conveniently could without incurring undue expense to his company.

That this was his view of the transaction is manifested by the fact that when, at the very incipiency of the work, the contractor assumed the position that defendant was breaching a **legal obligation** by its failure to furnish daily an adequate number of cars, the defendant immediately protested against and repudiated an assumption that would transform a mere expression of a willingness to accommodate, a simple act of grace or bounty, into a serious, definite and binding compact. Nor does plaintiff's own view of the legal relation at that time appear to differ from that then expressed by Mr. Dunn; for its letter to him upon the subject of the supply of cars at this juncture demonstrates its attitude to be clearly that of one seeking the bestowal of a boon or favor, and not of one having the unquestioned right to demand compliance with a legally enforceable obligation.

And that it was not the purpose to enter into a legal relation, is further evidenced by the fact that neither when the alleged agreement was reached in April nor thereafter, does the defendant appear to have made a single inquiry as to when the excavation would begin (and it was not in fact started until the following November); or as to the extent of the excavation contemplated; or as to the nature of the material to be moved (more than 50% of which was in fact wholly worthless and useless, consisting largely of bricks, old buckets, barrels and other foreign matter of that character); or as to the number of cars that would be required daily—all essential details concerning which the ordinary business man would have demanded and secured precise information prior to assuming a legal obligation, particularly one involving fixed and definite duties.

Our conclusion is in accord with that of the lower Court; and accordingly the judgment appealed from dismissing plaintiff's suit is affirmed.

Judgment affirmed.

Dufour, J., takes no part.

Opinion and decree, March 10th, 1913.

———o———